Dismissed and Memorandum Opinion filed February 26, 2004









Dismissed and Memorandum Opinion filed February 26,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00961-CV

____________

 

KENDRA SUE
CUYLER, Appellant

 

V.

 

MICHAEL LOUIS
MINNS, INDIVIDUALLY, MICHAEL LOUIS MINNS, P.L.C., L.T. ABUTCH@ BRADT, INDIVIDUALLY, and L.T.
BRADT, P.C., Appellees

 



 

On Appeal from the 157th District
Court

Harris County,
Texas

Trial Court Cause No.
95-07991

 



 

M E M O R A N D U M  O
P I N I O N

This is an appeal from a judgment signed December 9,
2002.  No clerk=s record has been filed.  The clerk responsible for preparing the
record in this appeal informed the court appellant did not make arrangements to
pay for the record.  








On September 23, 2003, notification was transmitted to all
parties of the Court's intent to dismiss the appeal for want of prosecution
unless, within fifteen days, appellant paid or made arrangements to pay for the
record and provided this court with proof of payment.  See Tex.
R. App. P. 37.3(b).  Appellant
filed no response.  Accordingly, on
October 23, 2003, this court dismissed the appeal.  

On November 3, 2003, appellant submitted a notice that on
July 16, 2003, she had petitioned for voluntary bankruptcy protection in the
United States Bankruptcy Court for the Southern District of Texas under cause
number 03-40093-H4-7.  Because a stay is
automatically effected by Section 362(a) of the Bankruptcy Code, on the court=s own motion, we withdrew our October
23, 2003 opinion and stayed the appeal.  See
Tex. R. App. P. 8.2.

On February 11, 2004, appellees filed a motion to reinstate
the appeal and then dismiss the appeal. See Tex. R. App. P. 8.3.  A
copy of the bankruptcy court=s January 20, 2004 order dismissing appellant=s bankruptcy case was attached to the
motion.  Appellant filed no response to
appellant=s motion.  We grant the motion.

To date, no proof of payment for the clerk=s record has been provided, and the
clerk=s record has not been filed.  Because the time for filing the clerk=s record expired before the
bankruptcy stay was ordered, no additional time for payment is granted.  See Tex.
R. App. P. 8.2.  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed February 26, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman.